IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HELEN YUAN, *et al*.

    Plaintiffs,

v.

TIMOTHY LEWEY, *et al*,

    Defendants.

No. C 13-04010 WHA

**ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO REMAND**

## INTRODUCTION

In this pharmaceutical products-liability action, plaintiffs move to remand to state court for lack of federal jurisdiction while defendants move to stay all proceedings pending potential transfer to an MDL. For the reasons stated below, defendants' motion to stay is **GRANTED** and plaintiffs' motion to remand is **DENIED**. The hearing on October 31, 2013, is **VACATED.**

**STATEMENT**

Plaintiffs filed a complaint in the Superior Court of the State of California for the County of San Francisco in August 2013 for alleged injuries from the ingestion of a prescription drug. Plaintiffs sued defendants Bristol-Myers Squibb Co. (a New Jersey corporation) and McKesson Corp. (a California-based pharmaceutical distributor). Defendant Bristol-Meyers Squibb removed the action to federal court on fraudulent joinder grounds and now moves to stay this action pending a conditional transfer to the Plavix® MDL in the United States District Court for the District of New Jersey.

**ANALYSIS**

Our court of appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings. In support of their argument, plaintiffs cite to several non-binding decisions, including decisions from judges in this district. Plaintiffs essentially argue that it has already been established that there is no federal subject-matter jurisdiction in this case and that granting the motion to stay would therefore be an inappropriate exercise of jurisdiction. See *Caouette v. Bristol-Meyers Squibb Co.*, No. 12-1816, 2012 WL 3283858 (N.D. Cal. Aug. 10, 2012) (Judge Edward Chen) (granting motion to remand under similar circumstances). At the time of that order, however, Plavix® cases had not yet been transferred to the MDL.

On February 12, 2013, the JPML established a multidistrict Plavix® litigation in the District of New Jersey, assigned to Judge Freda Wolfson. See *In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, MDL No. 2418, 923 F. Supp. 2d (J.P.M.L. 2013). Since then, the JPML has conditionally transferred twenty-six actions in this district to the Plavix® MDL. *See* Conditional Transfer Order No. 8, *In re Plavix (No. II)*, MDL No. 2418, 2013 U.S. Dist. LEXIS 89185 (J.P.M.L. 2013).

Since the establishment of the Plavix® MDL, both the undersigned judge and Judge Chen have ordered a stay of proceedings in identical cases. *Addison v. Bristol-Myers Squibb Co.*, No. 13-2166, 2013 U.S. Dist. LEXIS 87688 (N.D. Cal. June 21, 2013) (Judge William Alsup); *Kinney v. Bristol-Meyers Squibb Co.*, No. 12-4477 (N.D. Cal. April 12, 2013) (Judge

Edward Chen); *Belinda v. Bristol-Myers Squibb Co.*, No. 12-5941 (N.D. Cal. Jan 22, 2013) (Judge Yvonne Gonzales Rogers); *Aiken v. Bristol-Myers Squibb Co.*, No. 12-5208, 2013 U.S. Dist. LEXIS 35742 (N.D. Cal. March 14, 2013) (Judge Richard Seeborg).

One of the bases for defendant Bristol-Meyers Squibb's removal of this action from state court is the alleged fraudulent joinder of McKesson; it argues that claims against McKesson are preempted by federal law and are only included to defeat diversity. This jurisdictional issue will likely be raised in every other action involving McKesson at the MDL. For efficiency and consistency, that issue should be decided by the MDL. In fact, "courts in the Northern District . . . have made clear that courts are not bound to preliminarily consider the merits of a remand motion before considering a motion to stay." *Addison*, 2013 U.S. Dist. LEXIS 87688 at *3 (citations omitted). Plaintiffs will not be prejudiced by this brief stay pending the MDL's determination to transfer. If transferred, the MDL can efficiently deal with jurisdictional issues such as fraudulent joinder; if not, then this Court can.

## CONCLUSION

For the reasons stated above, defendant's motion to stay the action pending transfer to the MDL is **GRANTED**. The hearing on October 31, 2013, is **VACATED.**

**IT IS SO ORDERED.**

Dated: October 28, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3